IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DOMINGO ALTORAN,

    Plaintiff,
v.                                                      CASE NO. 1:12-cv-221-MP-GRJ

MICHAEL SCHWEICH, DON HOWARD,
and BEACH COMMUNITY BANK,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1331 and paying the filing fee. Doc. 1. At the time that the Complaint was filed, Plaintiff was confined at Union Correctional Institution, within the Middle District of Florida, Jacksonville Division. He has been released and currently resides in Jacksonville, Florida. Doc. 4. According to the Complaint, two of the Defendants reside in Okaloosa County, Florida, within the Northern District of Florida, Pensacola Division. One Defendant resides in Washington, D.C. Doc. 1.

Plaintiff's claims stem from an alimony income deduction order entered in Okaloosa County Circuit Court during his incarceration, and payments that were made pursuant to that order by the U.S. Office of Personnel Management from Plaintiff's retirement account. Plaintiff contends that the payments should have terminated in July 2009, but he his efforts to have the payments terminated by filing a motion in the state court have been unsuccessful.

Plaintiff's complaint suffers from several defects. There are no factual allegations in the Complaint that provide any basis for invoking federal jurisdiction. Plaintiff states

that his rights "are of the unknown nature and are questionable of the United States Constitution." Even liberally construed, it is clear that the factual allegations establish only that Plaintiff is dissatisfied with the handling of his divorce proceedings and support order entered by the state court in Okaloosa County, matters that are governed by state law. Under these circumstances, the undersigned concludes that amendment of the Complaint would be futile as the facts suggest no basis for the exercise of federal jurisdiction.

Even if Plaintiff asserted a cognizable federal claim, venue is improper in this Division. Venue is proper in a civil action not founded solely on diversity only in a judicial district: (1) where any defendant resides, if all defendants reside in the same state; (2) where a substantial part of the events giving rise to the claims occurred; or (3) where any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). The allegations of the Complaint reflect that two of the Defendants reside in Okaloosa County, Florida, one resides in Washington, D.C., and all of the events giving rise to the claims occurred in Okaloosa County, Florida. Accordingly, this case should have been filed in the Pensacola Division of this Court. *See* 28 U.S.C § 1391(b). Rule 3.1(C) of the Local Rules for the Northern District of Florida provides that a case in which venue properly lies in this District may be transferred to another division by order of the Court. In view of the fact that Plaintiff's allegations state no cognizable basis for exercising federal jurisdiction, transfer of this case would not be in the interests of justice.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for lack of jurisdiction and and failure to state a claim upon which relief may

be granted.

**IN CHAMBERS** at Gainesville, Florida, this 8th day of November 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**